UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON


CIVIL ACTION NO. 07-71-GWU


LARRY D. GREGORY,                                                        PLAINTIFF,


VS.                                **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                         DEFENDANT.


## INTRODUCTION

Larry Gregory  brought this action to obtain judicial review of an unfavorable

administrative decision on his application for Disability Insurance Benefits (DIB).

The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1.   Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled.  If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.   Does the claimant have any medically determinable physical or mental impairment(s)?  If yes, proceed to Step 3.  If no, the claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3.   Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities?  If yes, proceed to Step 4.  If no, the claimant is not disabled.  See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

07-71  Gregory

4.      Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled.  If no, proceed to Step 6.   See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.  If no, proceed to Step 7.   See 20 C.F.R. 404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.   See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

2

07-71  Gregory

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  <u>Garner</u>, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  <u>Bowie v. Secretary</u>, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  <u>Cf. Houston v. Secretary of Health and Human Services</u>, 736 F.2d 365, 367 (6th Cir. 1984); <u>King v. Heckler</u>, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  <u>Hardaway v. Secretary</u>, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  <u>Jones</u>, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.   20 C.F.R. Section 404.1529 (1991).   However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1)

3

07-71  Gregory

> whether objective medical evidence confirms the severity of the alleged
> pain arising from the condition; or (2) whether the objectively
> established medical condition is of such a severity that it can
> reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

07-71  Gregory

to afford or obtain treatment to remedy his condition, <u>McKnight v. Sullivan</u>, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. <u>Studaway v. Secretary</u>, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a <u>prima facie</u> case by proving that he or she is unable to return to work. <u>Cf. Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. <u>Id</u>. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  <u>E.g., Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

07-71  Gregory

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.  In

6

07-71  Gregory

such cases, the agency may be required to consult a vocational specialist.  <u>Damron</u> <u>v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  <u>Varley  v. Secretary of</u> <u>Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Gregory, a 45 year-old former mechanic and self-employed sand blaster with a high school equivalent education, suffered from impairments related to coronary artery disease (with residuals of stent placement), diabetes mellitus, and tobacco abuse.  (Tr. 15, 17).  While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work. (Tr. 17, 21).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 21).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 20).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence.  However, the current record also does not mandate an immediate award of DIB.  Therefore, the

7

Court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration and deny that of the defendant.

The hypothetical question presented to Vocational Expert Katherine Bradford included a limitation to light level work restricted from a full range by (1) the need for a sit/stand option with the individual unable to stand for more than one hour at a time or sit for more than two hours at a time; (2) a need to avoid exposure to temperature extremes; (3) an inability to lift the non-dominant left upper extremity above shoulder level; and (4) a need to avoid exposure to unprotected heights or work around hazardous equipment.  (Tr. 290).  In response, the witness identified a significant number of jobs in the national economy which could still be performed. (Tr. 291).  The ALJ relied upon this testimony to support the administrative decision.

The ALJ erred in evaluating the medical record.  Gregory was admitted to Marymount Medical Center in February of 2005 suffering from myocardial infarction with post infarct angina.  (Tr. 123).  The plaintiff underwent left heart catheterization, left ventriculography and left and right coronary angiography.  (Id.).  The testing results revealed severe atherosclerotic coronary artery disease and three vessel disease.  (Tr. 124).  The plaintiff underwent stenting of the coronary artery.  (Tr. 133).

Dr. Satyabrata Chatterjee, Gregory's treating cardiologist, opined in May of 2005 that he would be disabled for least one year.  (Tr. 133).  In June of 2005, the

doctor stated that the patient had Class III angina.[1]  (Tr. 131).  In July of 2005, Dr. Chatterjee noted that the plaintiff would be restricted from lifting more than 20 pounds and 10 pounds on a frequent basis.  (Tr. 134).  Dr. Chatterjee also limited the claimant  from sitting for more than a total of four hours a day in intervals of one hour, standing for more than two hours in intervals of 15 minutes, and from walking for more than one hour a day in 10 minute intervals.  (Tr. 134).  These limitations with regard to sitting, walking and standing are more extensive than those found by the ALJ and presented to the vocational expert.  In May of 2006, Dr. Chatterjee opined that Gregory would be totally disabled by his various conditions.  (Tr. 222).

The ALJ rejected Dr. Chatterjee's opinion as binding.  (Tr. 17).  With regard to the doctor's statements that Gregory was disabled, the ALJ noted that these opinions went to the ultimate issue of disability and were reserved for the Commissioner.  (Id.).  The Court agrees that these statements were not binding on the ALJ.  The ALJ also rejected as binding the specific functional limitations indicated by Dr. Chatterjee.  (Id.).  He cited the doctor's June, 2005 treatment note in which the physician described the plaintiff's symptoms as being minimal.  (Id.).  Nevertheless, Dr. Chatterjee indicated at this time that the plaintiff's physical

---

[1]The New York Heart Association Functional Classification of Cardiac Disease indicates that a Class III restriction results in a marked limitation of physical activity and that ordinary activity results in fatigue, palpitation, dyspnea, or anginal pain.  American Medical Association, Guides to the Evaluation of Permanent Impairment (Fifth Ed. 2001), p. 26.

07-71  Gregory

condition was deteriorating.  (Tr. 131).  The ALJ also cited the opinion of Dr. James Shoptaw who reported in July of 2005 that the claimant was "much improved" after EECP therapy.  (Tr. 17).  However, Dr. Shoptaw also did not identify less severe physical restrictions than those reported by Dr. Chatterjee and opined that the claimant's prognosis was only "fair."  (Tr. 148).  Thus, the ALJ's grounds for rejecting the specific restrictions of the treating physician were somewhat questionable.

Dr. Jorge Baez-Garcia (Tr. 154-162) and Dr. Humilidad Anzures (Tr. 163-171), the non-examining medical reviewers, each opined that Gregory would be able to perform light level work restricted from a full range only by a need to avoid exposure to temperature extremes.  The ALJ's findings were consistent with these opinions.  These were the only medical opinions to contradict Dr. Chatterjee's specific functional limitations.  An ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner clearly states the reasons for his differing opinion.  Barker v Shalala, 40 F.3d 789, 794 (6th Cir. 1994).  Furthermore, Social Security Ruling 96-6p suggests that when the examiner is also a treating source, the non-examiner must review a complete record including a medical report from a specialist which provides more detailed and comprehensive information than that available to the treating physician.  In the present action, the record certainly does not include a report from an examining specialist with more

10

information than Dr. Chatterjee.  Neither reviewer saw the complete record since Dr. Baez-Garcia reviewed it in June of 2005 and Dr. Anzures saw it the following August.  Thus, they did not see Dr. Chatterjee's May, 2006 report. (Tr. 222).  At this time, Dr. Chatterjee made reference to an April, 2006 cardiac catheterization procedure which revealed the obtuse marginal artery had a 60 to 70 percent lesion. (Id.).  The doctor did not rescind his earlier specific functional restrictions but indicated that the plaintiff was now permanently disabled.  Significantly, both reviewers thought that Dr. Chatterjee's restrictions were credible for at least a certain time length although neither seems to have thought that the one-year durational requirement would be met--Dr. Baez-Garcia noted that his allegations were presently credible but would not be expected to last past February, 2006 (Tr. 159) and Dr. Anzures stated that Dr. Chatterjee's specific limitations were entitled to great weight but thought that the plaintiff would improve after a period of recuperation unspecified in length (Tr. 165).  Had the reviewers seen the April, 2006 report, they might well have come to a different conclusion.  Under these circumstances, the ALJ could not rely upon the medical reviewers but should at least have sought the advice of a medical advisor.  Therefore, a remand of the action for further consideration is required.

Gregory asserts that he is entitled to an immediate award of DIB because his cardiac condition meets the requirements of Section 4.00B of the Listing of

Impairments.   However, as noted by the defendant, this is only an introductory section and not an actual Listing.  The plaintiff has failed to specify which of the Listing sections, contained between Sections 4.02 and 4.12, is met.  Therefore, the Court must reject the claimant's argument.

Gregory also argues that the ALJ erred in relying upon his continued smoking habit despite doctor's orders to quit, as a factor in finding that he lacked credibility. (Tr. 18).  The plaintiff attached to his brief a number of articles documenting that smoking cessation is very difficult.  However, the Sixth Circuit Court of Appeals has specifically found that smoking is a permissible factor for an ALJ to consider in Social Security disability cases.  In Mullins v. Secretary of Health and Human Services, 836 F.2d 980, 989 (6th Cir. 1987) the Court noted that "it was difficult to envision a severe environmental restriction imposed by a pulmonary condition when the claimant was a heavy smoker."  In Sias v. Secretary of Health and Human Services, 861 F.2d 475, 480 (6th Cir. 1988), the Court stated in regard to a plaintiff's continued smoking habit, "The Social Security Act did not repeal the principle of individual responsibility . . . . if the claimant in this case chooses to drive himself to an early grave, that is his privilege--but if he is not truly disabled, he had no right to require those who pay social security taxes to help underwrite the cost of his ride." The literature submitted by Gregory indicates that cigarette smoking, largely as a result of the drug nicotine, is a highly addictive behavior.  However, the Contract

12

07-71  Gregory

with America Act of 1996, Pub. L. No. 104-121, prohibits an award of disability when drug or alcohol abuse is a contributing material factor.  Thus, the ALJ had strong grounds based on both case law and federal statutes in reaching his conclusions regarding the claimant's smoking habit.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as  such relief is achieved, and deny that of the defendant.  A separate judgment and order will be entered simultaneously consistent with this decision.

This the 23rd day of January, 2008.



**Signed By:**

**G. Wix Unthank**

**United States Senior Judge**

13